GANDÍA, PETITIONER, *v.* DISTRICT COURT OF SAN JUAN, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of San Juan, First District, Hon. Charles E. Foote, Judge.

No. 380.—Decided July 29, 1922.

RECONSIDERATION—JUDGMENT.—When a judgment of the Supreme Court has been reconsidered and a day set for a rehearing, that judgment is annulled and the case is decided by the new judgment that may be rendered.

EXECUTION—APPEAL—STAY OF EXECUTION.—The mere allowance of an appeal from a judgment of the Supreme Court does not stay the execution of that judgment. The execution is stayed when after a bond is given and approved for that purpose it is so ordered.

ID.—CERTIORARI.—It not appearing that the execution was issued by the district court and served after the approval of the supersedeas bond by the Supreme Court, notwithstanding the fact that all of these acts were performed on the same day, the district court erred in holding that its order for execution was null and void and the error may be corrected in certiorari.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the petitioner.
*Mr. G. Cruzado Silva* for the adverse party.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On July 22, 1922, Pedro Gandía filed in this court a petition for a writ of certiorari. The writ was issued and the hearing was set for the 28th day of the same month. The petitioner and the Porto Rico Fertilizer Company appeared by their respective attorneys and the case was submitted to the court for consideration and decision.

From the petition and answer, and from the original

record in the case of Pedro Gandía v. Porto Rico Fertilizer Company, action No. 9463 for the recovery of dividends, which was sent up by the First District Court of San Juan in compliance with the writ, the following appears:

On July 8, 1922, the secretary of this court transmitted to the clerk of the First District Court of San Juan certified copies of the judgments and opinions of the Supreme Court of April 24 and July 3, 1922, in case No. 2474, *Gandía* v. *Porto Rico Fertilizer Company.*

On the 11th of July Pedro Gandía's attorney filed a paper in the district court containing the following prayer:

"He prays the court to order the execution of the judgment of the Supreme Court in this case and to instruct the clerk of this court to issue the corresponding writ to the effect that the said execution shall be levied on properties of the defendant corporation sufficient to satisfy the plaintiff's judgment of $8,234.06 with interest at the rate of 6 per cent from the 28th of February, 1917, until the debt is fully paid."

Reference is made in the body of the paper to the judgment rendered by the district court in the case on October 28, 1920, and the following is stated:

"An appeal having been taken from the said judgment, the Supreme Court, in disposing of the defendant's appeal by its judgment of April 24, 1922, affirmed the judgment of the lower court in so far as it adjudged that the Porto Rico Fertilizer Company pay to the plaintiff the said sum of $8,234.06 with interest thereon at the rate of 6 per cent from the said date and the costs of the action. This judgment was affirmed in all of its parts by the Supreme Court on the 3rd of the current month of July."

On July 13th the district court issued a writ for the execution of its judgment of October 28, 1920, "affirmed on appeal by the Supreme Court of Porto Rico in its judgment of April 24, 1922." The writ does not mention the judgment of July 3rd.

This writ was immediately executed and the marshal paid

over to Pedro Gandía the sum of $10,889.52. At this junc-- ture the Porto Rico Fertilizer Company, in a motion which bears no date, asked the district court to quash the writ and order the restitution of the money paid to Gandía, on the following grounds:

"That on July 12, 1922, the Supreme Court of Porto Rico allowed an appeal by this defendant from the judgment of said court to the Court of Appeals for the First Circuit, staying the execution of the judgment as shown by a certified copy of its order which accompanies this motion.

"That notwithstanding the said order and taking advantage of the fact that it had not been communicated to this court, the plaintiff hurriedly moved for and obtained a writ of execution and caused the marshal to levy on and take from the American Colonial Bank a sum of money exceeding $10,000 belonging to the defendant.

"That when the said writ of execution was issued this court had lost its jurisdiction of the case by reason of the said order of the Supreme Court."

The district court heard the attorneys for both parties and on July 15th made the following order:

"Considering the motion of the defendant for the restitution of certain sums of money received by the plaintiff by means of the writ of execution issued by this court on July 13, 1922, the marshal's return thereon of the same day and the arguments of the attorneys for both parties, the court orders that plaintiff Pedro Gandía immediately deposit with the clerk of this court the sum of money received by him by virtue of the said execution, amounting to $10,956.75, in order that it may be delivered to the defendant corporation; whereas, the judgment of the Supreme Court of Porto Rico which settles the matters in litigation between the parties and may be lawfully appealed from is the judgment of July 3, 1922; and, whereas, the order of the Supreme Court of July 12, 1922, was made prior to the issuance of the writ of execution by this court; therefore, the order for execution and the writ of execution are null and void."

Pedro Gandía moved the district court to reconsider the said order and the motion was overruled, whereupon he

presented this petition for a writ of certiorari, alleging that the said order is absolutely void because it was made without jurisdiction and against due process of law.

In order to form an accurate idea of the facts, in addition to the proceedings in the district court it is necessary to explain those which took place in this Supreme Court.

On April 24, 1922, this court rendered the following judgment in the case referred to:

"For the reasons stated in the preceding opinion this court decides to reverse, as it does reverse, the judgment rendered by the District Court of San Juan, Section One, on October 28, 1920, in so far as it orders the defendant to carry on its stock and transfer book the sixty shares of the defendant corporation, to consider the plaintiff as one of the stockholders to the extent of the sixty shares, and to pay him whatever dividends that may be distributed from the profits of the defendant corporation; and to affirm, as it does affirm, the said judgment in all others respects. Let this judgment be communicated to the interested parties for all proper purposes."

One of the points affirmed was that the defendant should pay to the plaintiff the sum of $8,234.06 with interest, due to him as dividends. Another was the payment of the costs.

On May 6, 1922, the defendant moved for reconsideration of the judgment, and on the 22nd of the same month the court made the following order:

"For the reasons stated in the preceding opinion the judgment of April 24, 1922, is reconsidered and on the 5th of June at 2 p. m. the parties will be heard on the question of costs and as to whether the judgment of the court below may be interpreted as sustained by the appellee in the motion for reconsideration."

This order was based on the final paragraph of the opinion, as follows:

"The case therefore will be reopened and argument heard on two points, namely, the question of costs and whether the judgment of the court below may be interpreted as sustained by appellee."

After the rehearing the court entered the following judgment on the 3rd of July:

"For the reasons stated in the opinion of this Court of April 24, 1922, and in the preceding opinion, the court decides to reverse, as it does reverse, the judgment of the District Court of San Juan, Section One, of October 28, 1920, in so far as it orders the defendant to carry on its stock and transfer book the sixty shares of the defendant corporation, and to consider the plaintiff as one of the stockholders to the extent of the said sixty shares, and to pay him whatever dividends that may be distributed from the profits of the defendant corporation; and to affirm, as it does affirm, the said judgment in all other respects. Let this judgment be communicated in the proper manner and for the corresponding purposes."

On July 8th notice was given to the trial court of the said decision and on July 11th the defendant filed a notice of appeal from the judgment of July 3rd to the Circuit Court of Boston. On July 12th the appeal was allowed and the amount of the costs bond was fixed at $300 and that of the supersedeas bond at $12,000. On July 13th the bonds were filed and the court ordered a stay of execution. On the following day the court's order was communicated to the District Court of San Juan.

We have very little time for rendering a written opinion. The facts speak for themselves.

The parties have been greatly confused by reason of the fact that two judgments were rendered. When a judgment of this court has been reconsidered and a day set for a rehearing, that judgment becomes void and the case is disposed of by a new judgment. Here reconsideration was granted, but in such terms as to limit the questions to be discussed at the rehearing. Notwithstanding this, in rendering its new judgment the court took great care to cover all of the points so that the said judgment should be, as it is, the only final judgment disposing of the appeal. But the circumstances and the fact that both judgments were substantially alike explain the confusion of the petitioner.

The defendant insists that the writ of execution issued by the district court on July 13th is void because it is based solely on the superseded judgment of April 24th. It is true that only the judgment of April 24th is mentioned in the order, but it being a fact also that Gandía relied on the judg-- ment of July 3rd and that all of the data—copies of both judgments and of the opinions on which they were based— were before the court, and particularly as the court correctly referred to the execution of its own judgment affirmed by the Supreme Court in both instances as to the matter upon which execution was ordered, the omission is unimportant.

This point being settled, let us examine the fundamental question involved. The writ of execution was issued by the district court and satisfied on July 13th. Although the Supreme Court allowed the appeal on July 12th, it did not order the stay of execution until the 13th and its order to stay execution of the judgment was not communicated to the district court until the 14th.

The order of July 12th can not be invoked. It did not operate as a supersedeas. The order of July 13th is the important one. The hour of the 13th at which the writ of execution was issued by the district court does not appear, nor the hour of its satisfaction, nor the hour at which the order to stay execution was made by this Supreme Court. At all events, it is unquestionable that when the writ of execution was issued by the trial court and levied by its marshal, no order of the appellate court staying execution had been received, nor was shown to have been made; and that being the case, on what ground can it be held that the writ of execution and its levy and return were void?

No good ground existed. The district court gave to the order of the Supreme Court of July 12th greater scope than it had. The mere allowance of the appeal and determination of the amount of the supersedeas bond to be given does

not stay execution. Execution is stayed when it is so ordered after the bond is given and approved.

By virtue of all of the foregoing the transcribed order of July 15th must be set aside and the case remanded to the lower court.

*Order set aside.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.